UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD WESLEY BRYAN,

     Plaintiff,

 v.

STATE OF WASHINGTON, et al.,

     Defendants.

CASE NO. 3:23-CV-6042-KKE-DWC

ORDER DECLINING TO SERVE COMPLAINT

Plaintiff Richard Bryan, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Complaint ("Complaint") (Dkt. 1-1) under 28 U.S.C. §1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by **January 29, 2024**, to cure the deficiencies identified herein.

I.  **Background**

Plaintiff, who is housed at the Coyote Ridge Correctional Center, alleges Defendants violated his First, Fifth, and Tenth Amendment rights. *See generally* Dkt. 1-1. In the Complaint, Plaintiff raises three claims against twenty-eight Defendants, and the claims are difficult to understand and refer the Court to multiple exhibits attached to the Complaint. *Id.* at 16.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, Plaintiff has filed a Complaint that is difficult to understand and appears to simply be a narration of how Plaintiff believes that he is a sovereign citizen whose rights have been violated. *See* Dkt. 1-1. It is difficult to discern what actions individuals took that violated Plaintiff's constitutional rights. For example, the Court notes Plaintiff has not shown how his rights were violated under the First, Fifth, or Tenth Amendments. Because "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order. In addition, as stated above, Plaintiff refers the Court to the exhibits attached to the Complaint. However, the exhibits are not a substitute for the Complaint, and

Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint.

### III. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve Plaintiff's Complaint. If Plaintiff intends to pursue this § 1983 civil rights action, she must file an amended complaint and within the amended complaint, she must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **January 29, 2024**, the undersigned will recommend dismissal of this action.

1   The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

2   civil rights complaint and for service. The Clerk is also directed to send copies of this Order and

3   Pro Se Instruction Sheet to Plaintiff.

4   Dated this 29th day of December, 2023.

*(signature)*

David W. Christel
Chief United States Magistrate Judge