UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD WESLEY BRYAN,

        Plaintiff,

   v.

SHAUNA JOHNSON, et al.,

        Defendants.

CASE NO. 3:23-CV-6042-KKE-DWC

ORDER DECLINING TO VOLUNTARILY RECUSE

The District Judge has referred this prisoner civil rights action to United States Magistrate Judge David W. Christel. In several his filings, including his most recent motion filed on February 21, 2024, Plaintiff states the undersigned is biased and has a "conflict of interest" in adjudicating this case. Dkt. 14, at 4; *see also* Dkts. 11, 12. Upon review of the record, it appears Plaintiff is dissatisfied with the undersigned's handling of this case and may be seeking recusal. Therefore, out of an abundance of caution and in accordance with Pursuant to Local Civil Rule ("LCR") 3(f), the undersigned "will review the motion papers and decide whether to recuse voluntarily."

ORDER DECLINING TO VOLUNTARILY
RECUSE - 1

## I. LEGAL STANDARD

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *Id*. at §455(b)(1). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

## II.  DISCUSSION

Plaintiff's chief complaint appears to be with the Court's Order declining to serve his complaint and granting leave to amend. Dkt. 9. Using more colorful language, Plaintiff claims the undersigned's alleged bias in favor of State and Federal governments has prevented him from fairly screening the complaint. Dkt. 14, at 2–4; Dkt. 12 at 2–3; Dkt. 11.

At the outset, the Court notes Plaintiff's concern with biased is based on a judicial ruling, which, "almost never constitute[s] a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The undersigned makes rulings in each case based upon the issues presented by the parties or upon an independent review by the Court and has no personal bias or reason to be partial to one side or the other in this matter.

Next, as stated in its prior order, "the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity." Dkt. 9 (citing 28 U.S.C. § 1915A(a)). Through this mandatory screening, the Court identifies deficiencies in the pleadings and, if curable, grants a prisoner leave to file an amended complaint. In many ways, this screening benefits incarcerated litigants by providing them an opportunity to perfect their pleadings before entering the adversarial stage of litigation. That is precisely what has occurred in this case. Although it is clear Plaintiff disagrees with this outcome, he has not shown a reasonable person could question the Court's impartiality and his contentions do not warrant recusal.

Accordingly, the undersigned will not recuse himself voluntarily from this case.

## III.  CONCLUSION

For the foregoing reasons, this Court finds there is no reasonable basis for a voluntary recusal in this matter. Therefore, the undersigned declines to recuse himself voluntarily.

ORDER DECLINING TO VOLUNTARILY
RECUSE - 3

The Clerk is directed to refer Plaintiff's filings indicating recusal is appropriate (Dkts. 11, 12, 14) to Chief Judge David G. Estudillo in accordance with Local Civil Rule 3(f). The Clerk is also directed to send a copy of this Order to the parties and to the Honorable Kymberly K. Evanson, the District Judge assigned to this case.

Dated this 23rd day of February, 2024.

David W. Christel
Chief United States Magistrate Judge