UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD WESLEY BRYAN,<br><br>                Plaintiff,<br>     v.<br><br>STATE OF WASHINGTON et al.,<br><br>                Defendants. | CASE NO. 3:23-cv-06042-KKE-DWC<br><br>ORDER AFFIRMING DENIAL OF VOLUNTARY RECUSAL (DKT. NO. 16) |

       This matter comes before the Court on United States Magistrate Judge David W. Christel's order declining to voluntarily recuse himself from this case. (Dkt. No. 16.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."

       Plaintiff has not filed a motion asking Judge Christel to recuse himself. Nevertheless, several of Plaintiff's filings contain statements that appear to question Judge Christel's

ORDER AFFIRMING DENIAL OF VOLUNTARY RECUSAL (DKT. NO. 16) - 1

1  impartiality (Dkt. Nos. 11, 12, 14) and Judge Christel referred this matter to the undersigned out of an abundance of caution.  (Dkt. No. 16 at 1.)

   Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party.  28 U.S.C. § 455(a), (b)(1).  Critically, bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  In other words, prior adverse rulings do not suffice as a basis on which to grant recusal.  *Id.*; *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

   On December 29, 2023, Judge Christel issued an order declining to serve Plaintiff's complaint and granting Plaintiff leave to amend to cure certain deficiencies in the complaint by January 29, 2024.  (Dkt. No. 9.)  Plaintiff objected to Judge Christel's order and requested two extensions of time to file his amended complaint, which Judge Christel granted.  (Dkt. Nos. 11, 12, 14.)  In his objection to Judge Christel's order, Plaintiff argued he had sufficiently plead his causes of action and that it was therefore not necessary for him to amend his complaint.  (Dkt. No. 11.)  Plaintiff stated Judge Christel "intentionally misrepresented" his claims and engaged in obstruction of justice, obstruction of process, "corrupt conduct", "misprision", "misprision of felony", and "misprision of treason." (*Id.* at 2.)  Plaintiff made similar allegations in his motions for an extension of time, accusing Judge Christel of "intentional subterfuge" and an unspecified conflict of interest.  (Dkt. Nos. 12, 14.)

   Plaintiff's allegations all stem from his disagreement with Judge Christel's order declining to serve Plaintiff's complaint and granting Plaintiff leave to amend.  However, bias and prejudice sufficient to warrant recusal does not arise from a judge's prior rulings.  *Mayes*, 729

F.2d at 607; *Nelson*, 718 F.2d at 321.  As Plaintiff has not identified an extrajudicial source of bias or prejudice, the Court AFFIRMS Judge Christel's order declining to voluntarily recuse himself.  (Dkt. No. 16.)

Dated this 26th day of February, 2024.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF VOLUNTARY RECUSAL (DKT. NO. 16) - 3