UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD WESLEY BRYAN,

    Plaintiff,

v.

SHAUNA JOHNSON, et al.,

    Defendants.

CASE NO. 3:23-CV-6042-KKE-DWC

REPORT AND RECOMMENDATION

Noting Date: April 26th, 2024

Plaintiff Richard Bryan, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint (Dkt. 18), the Court finds Plaintiff has failed to cure the pleading deficiencies outlined in the Court's prior Screening Order (Dkt. 9) and has failed to state a non-frivolous § 1983 claim. Thus, the Court declines to serve the Amended Complaint and, instead, recommends this case be dismissed with prejudice pursuant to 28 U.S.C. §1915A.

**I.**      **Background**

Plaintiff, who is incarcerated at the Stafford Creek Corrections Center, alleges violations of his constitutional rights arising out of his state-court criminal convictions. *See* Dkt. 18.

A.  **Plaintiff's Initial Complaint and the Court's Prior Screening Order**

In his initial Complaint, Plaintiff raised three difficult-to-decipher claims, named twenty-eight defendants, and attached over 100-pages of exhibits. Dkt. 1-1.

Upon review, the Court declined to serve the initial Complaint and explained it was "Plaintiff's responsibility to make each claim clear and provide only a short statement of facts supporting each claim." Dkt. 9 at 2. The Court further explained Plaintiff's exhibits were not a substitute for his Complaint, so all allegations and relevant facts must be included in the body of his amended pleadings. *Id.* at 2–3.

The Court then granted Plaintiff leave to file an amended complaint and provided the following instructions:

> If Plaintiff intends to pursue this § 1983 civil rights action, [he] must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.
>
> Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement.
>
> The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

*Id.* at 3. Finally, the Court advised Plaintiff his failure to cure the identified deficiencies would result in a recommendation of dismissal. *Id.*

REPORT AND RECOMMENDATION - 2

**B.      Plaintiff's Amended Complaint**

Plaintiff filed his Amended Complaint on March 28, 2024. Dkt. 18. He names twenty-nine individuals as defendants, including nine state-court judges, a federal judge, numerous state and federal judicial employees, several state and county prosecutors, a county sheriff's office employee, the Attorney General and the Governor of the State of Washington, and the Superintendent of Stafford Creek Corrections Center. *Id.* at 2, 4–13. As before, Plaintiff's claims are lengthy, difficult to decipher, and a narration of why he believes his rights as a "sovereign citizen" have been violated.[1] *Id.* at 14–46.

Plaintiff's claims are organized into three counts. In Count I, he alleges his First Amendment rights were violated when he unsuccessfully challenged his criminal convictions in Washington State Courts, which he refers to as the "privately owned foist 'INSTITUTIONS' that fraudulently masquerade as my (de jure) 'courts of the several states.'" *Id.* at 15. As for the state judiciary's motivation for violating his First Amendment rights, Plaintiff states:

> This is because their ["allegiance"] is to the ruling elite's current "Regime;" an actual "subversive organization" created for the sole purpose of overthrowing my "Republican Form of Government" via an actual "CORPORATE REVOLUTION" in violation of my Paramount (National) "Constitutional-['for']-the United State of 'America'" sic, which has factually been dormant since (1871).

*Id.* at 32 (emphasis and alterations in original).

In Count II, Plaintiff alleges all Defendants violated his Fifth Amendment due process rights by:

> [F]orcing me, via coercion, to participate in their fraudulent "Scheme of Justice" (extortion) events, promulgated in their unconstitutional (corrupt) rogue, and or kangaroo court, specifically, the ruling elite's current regime (SOW[2]) privately

---

[1] "The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013) (citations omitted).

[2] "SOW" is one of several ways Plaintiff refers to the State of Washington.

REPORT AND RECOMMENDATION - 3

owned (CORPORATE) "INSTITUTION," cleverly TITLED: ["THE 'SUPERIOR COURT' OF THE 'STATE OF WASHINGTON' IN AND FOR THE COUNTY OF KITSAP" sic]—hereinafter—(TSCOTSOW); which is [NOT] "vested" with the "judicial power" of my ["Union"].

*Id.* at 33 (emphasis and alterations in original). Plaintiff also challenges the constitutionality of his state-court convictions on other grounds, including the authority of the State of Washington to pass and enforce criminal laws. *Id.* at 35.

Finally, in Count III, Plaintiff alleges all Defendants engaged in "treason" and violated the Tenth Amendment by allegedly acting beyond their constitutionally delegated authority. *Id.* at 38. Plaintiff states his criminal convictions and imprisonment are direct results of this "diabolical (Treasonous) 'scheme' to 'overthrow' [my] Constitutionally guaranteed ['Republican Form of Government']." *Id.* at 39 (emphasis and alterations in original).

As relief, Plaintiff seeks $125 million in compensatory damages, the discharge of his state-court convictions, and his immediate release from incarceration. *Id.* at 46.

## II. Standard of Review

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was

proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous. 28 U.S.C. § 1915A(b); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (claims properly dismissed as frivolous under the PLRA are "those claims whose factual contentions are clearly baseless" and "claims describing fantastic or delusional scenarios"); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

### III.     Discussion

Upon review, Plaintiff's Amended Complaint (Dkt. 18) includes the same deficiencies identified in the Court's prior Screening Order. *See* Dkt. 9. Rather than providing a short, plain statement demonstrating his entitlement to relief, Plaintiff's claims are again presented in a lengthy narrative and accompanied by over 100-pages of exhibits. *See* Dkts. 18 at 14–46, 18-1, 18-2. Plaintiff's failure to cure these deficiencies has prevented him from stating a cognizable § 1983 claim.

1    The Amended Complaint also includes at least three other deficiencies preventing Plaintiff from stating a cognizable claim and necessitating dismissal of this action.

**A.    Plaintiff has failed to state a cognizable claim against any defendant.**

First, Plaintiff has failed to state a cognizable claim against any of the twenty-nine named defendants. More specifically, Plaintiff names several defendants who cannot be sued under § 1983, including the State of Washington, federal employees acting pursuant to federal law, and state employees in their official capacities. Plaintiff also names judicial officers, judicial employees, prosecutors, and state officials as defendants in this suit—all of whom are immune from suit in their individual capacities. As for the defendants who may be sued under § 1983, Plaintiff has failed to state cognizable claim against them.

As discussed above, § 1983 provides a cause of action against "persons" who proximately cause a constitutional deprivation while "acting under color of state law." *West*, 487 U.S. at 48. This language limits the applicability of § 1983 actions against the federal government, states, counties, and their employees. For example, federal employees acting pursuant to federal law have not acted "under the color of state law," so they cannot be sued under § 1983. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995). Additionally, States and state agencies are not "persons" who can be sued under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Likewise, state officials are not "persons" under § 1983 when they are sued for monetary damages in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). When a municipality or county is sued under § 1983, the only proper defendant for an official capacity claim is the county itself. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990); *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978). Moreover, when a county employee is sued in their official

capacity, the real party in interest is the county itself. Thus, to state a claim against a county employee in their official capacity, a § 1983 plaintiff must identify a county policy or practice that was the moving force behind their alleged constitutional injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

As for officials sued for damages in their individual capacities, all well-established immunity doctrines since § 1983 was enacted continue to shield federal, state, and county officials from liability. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Most significantly, "absolute immunity" prevents "'the President, judges, prosecutors, witnesses, and officials performing 'quasi-judicial' functions, and legislators'" from being sued individually for monetary damages under § 1983. *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 520 (1985)).

**Official-Capacity Claims.** Here, Plaintiff names the State of Washington and two federal employees—Clerk of Court Sean McAvoy and the Honorable Stanley Bastian of the United States District Court for the Eastern District of Washington—acting pursuant to federal law as defendants in this suit. But none of these defendants can be sued under § 1983.

Plaintiff also names the following state employees as defendants: Alison Sonntag, Erin Lennon, Amber (last name unknown), Shauna Johnson, Susan Carlson, Matthew Clucus, Frank Maiocco, Jr., David Peterson, Jason Bennett, Governor Jay Inslee, Attorney General Robert Ferguson, and the Honorables Jeannette Dalton, Michelle Adams, Melissa Hemstreet, William Houser, Jeffery Basset, Kevin Hull, Jennifer Forbes, Salley Olson, and Russell Hartman. However, none of these individuals are persons who can be sued under § 1983 in their official capacities.

Regarding Plaintiff's remaining official-capacity claims against Kitsap County employees—Randall Sutton, Kelly Montgomery, Russel Hauge, Bradley (last name unknown), and Karen Sinclair—he has failed to plausibly allege a Kitsap County policy or practice was the moving force behind his claimed constitutional injuries. As a result, Plaintiff has failed to state an official-capacity § 1983 claim against any defendant.

***Individual-Capacity Claims.*** Next, all but two of the individuals Plaintiff names as defendants are absolutely immune from suit in their individual capacities. First, the Honorables Jeannette Dalton, Michelle Adams, Melissa Hemstreet, William Houser, Jeffery Basset, Kevin Hull, Jennifer Forbes, Salley Olson, Russell Hartman, and Stanley Bastian are entitled to judicial immunity. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Second, Defendants Alison Sonntag, Erin Lennon, Amber (last name unknown), Shauna Johnson, Susan Carlson, Matthew Clucus, Frank Maiocco, Jr., David Peterson, and Sean McAvoy are all judicial employees performing ministerial functions, so each of them is entitled to quasi-judicial immunity. *See Brooks v. Clark Cnty.*, 828 F.3d 910, 916 (9th Cir. 2016). Third, Attorney General Robert Ferguson and County Prosecutors Randall Sutton, Kelly Montgomery, Russel Hauge, and Bradley (last name unknown) are all entitled to prosecutorial immunity. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842–43 (9th Cir. 2016). And finally, to the extent Plaintiff sues Governor Inslee for his role in reviewing parole decisions, the Governor is immune from suit in his individual capacity. *See Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008).

Thus, after screening out those individuals who cannot be sued under § 1983 as well as those who are absolutely immune from suit, only two individual-capacity defendants remain: Defendants Jason Bennet (Superintendent of Stafford Creek Corrections Center) and Karen Sinclair (employee at Kitsap County Sheriff's Office). Nevertheless, Plaintiff has failed to

plausibly allege these defendants personally participated in violating his constitutional rights. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (a § 1983 plaintiff must allege facts showing an individual-capacity defendant personally participated in causing their constitutional injury).

Accordingly, the Amended Complaint should be dismissed for failure to state a cognizable claim against any defendant.

**B.     Plaintiff's sovereign-citizen claims are frivolous.**

Next, all Plaintiff's claims, which are based on sovereign-citizen ideology, should be dismissed as frivolous. The PLRA requires dismissal of any frivolous or malicious claims raised in prisoner civil rights actions. 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B). A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325. Determining the frivolousness of a claim is a matter of discretion. *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Claims based on sovereign-citizen ideologies are routinely dismissed as frivolous by federal courts. *See, e.g., United States v. Ward*, 182 F.3d 930, at *2 (9th Cir. 1999) (noting contentions based on sovereign-citizen arguments are "frivolous" and subject to summary dismissal) (collecting cases); *U.S. v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (rejecting sovereign-citizen claims and noting claims based on the ideology are "frivolous, irrational, or unintelligible") (collecting cases); *Trevino v. Florida*, 687 Fed. App'x 861, 862 (11th Cir. 2017) (affirming dismissal of sovereign-citizen complaint as frivolous under § 1915A) (collecting cases). *See also U.S. v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (noting "advancement of such utterly meritless [sovereign-citizen] arguments is now the basis for serious sanctions imposed on civil litigants who raise them.").

REPORT AND RECOMMENDATION - 9

Here, each claim raised in the Amended Complaint is "replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *See Sealey v. Branch Banking and Tr. Co.,* No. 2:17-cv-785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. 2019). Therefore, all Plaintiff's claims should be dismissed with prejudice as frivolous in accord with 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**C.   Plaintiff cannot challenge his state-court convictions in a § 1983 action.**

Finally, Plaintiff cannot obtain release from confinement or otherwise challenge his state-court convictions under § 1983. A prisoner who seeks monetary damages because of an alleged violation of constitutional rights must file a civil rights action pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994). But a § 1983 action cannot be used to challenge the fact or length of a prisoner's confinement, nor can it be used to obtain immediate release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Rather, the sole mechanism for challenging a state-court conviction or obtaining release from incarceration in federal court is a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See Preiser*, 411 U.S. at 500. Thus, to the extent Plaintiff challenges his state court convictions and requests immediate release from custody, his § 1983 claims should also be dismissed.

**IV.   Conclusion**

For the reasons outlined above, the undersigned recommends Plaintiff's Amended Complaint (Dkt. 18) be dismissed with prejudice for failure to state a claim and also as frivolous in accord with 28 U.S.C. §§ 1915(e) and 1915A(b). As Plaintiff's Amended Complaint is frivolous and fails to state a claim, the undersigned notes dismissal on the recommended grounds will constitute a "strike" pursuant to § 1915(g).

REPORT AND RECOMMENDATION - 10

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 26, 2024, as noted in the caption.

Dated this 9th day of April, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11