UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD WESLEY BRYAN,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON et al.,<br><br>    Defendants. | CASE NO. C23-06042-KKE-DWC<br><br>ORDER ON MOTION FOR RECONSIDERATION |

Richard Wesley Bryan asks the Court to reconsider its order adopting the Report and Recommendation ("R&R") of Magistrate Judge David W. Christel and dismissing this case with prejudice. Dkt. No. 25. The Court has thoroughly reviewed Mr. Bryan's motion and the case file. For the following reasons, the Court denies Mr. Bryan's motion.

The background of this case is detailed in the Court's previous order. Dkt. No. 24. Relevant here, the Court declined to serve Mr. Bryan's initial complaint, but granted him leave to amend his complaint, and provided detailed instructions for doing so. *Id.* at 1–2. Mr. Bryan's amended complaint did not cure the issues identified in his first complaint. *Id.* at 2. Mr. Bryan did not file a motion requesting court-appointed counsel.

In his motion for reconsideration, Mr. Bryan argues Judge Christel should have invoked 28 U.S.C. 1915(e)(1) because he was not able to perfect his claims without the assistance of counsel. Dkt. No. 25 at 2. Mr. Bryan asks the Court to vacate its order adopting the R&R, to

ORDER ON MOTION FOR RECONSIDERATION - 1

allow for a second amended complaint to be filed, and to appoint counsel. *Id.* The crux of Mr. Bryan's argument is that, had Judge Christel appointed counsel, that counsel would have been able to adequately plead on Mr. Bryan's behalf. Dkt. No. 25 at 4.

Motions for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). In addition, under this Court's Local Civil Rules, "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. 7(h)(1); *see also*, *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Here, Mr. Bryan does not identify a manifest error in the Court's prior Order. Nor does Mr. Bryan identify facts or legal authority which could not have been brought to the Court's attention earlier. Mr. Bryan argues the Court erred in not appointing counsel under 28 U.S.C. § 1915. Even if Mr. Bryan had requested the appointment of counsel, "[a]ppointment of counsel in a civil case is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the district court; it is a privilege and not a right." *U. S. ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965); *Stanard v. Dy*, No. C19-1400-RSM, 2024 WL 3415941, at *1 (W.D. Wash. July 15, 2024). Mr. Bryan does not show that the Court abused its discretion in declining to, *sua sponte*, appoint counsel to represent him in this matter.

Mr. Bryan's motion otherwise re-asserts the flawed arguments he raised in prior filings. "The Court does not need to restate its reasoning for rejecting [Mr. Bryan's] arguments regarding the merits of his case to determine he fails to establish any extraordinary circumstances that

ORDER ON MOTION FOR RECONSIDERATION - 2

warrant reconsideration of the judgment." *Williams v. Washington*, No. 2:23-CV-00914-TL, 2024 WL 37045, at *1 (W.D. Wash. Jan. 3, 2024).

For these reasons, Mr. Bryan's motion for reconsideration (Dkt. No. 25) is DENIED.

Dated this 30th day of July, 2024.

_____
Kymberly K. Evanson
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION - 3