UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD WESLEY BRYAN, | CASE NO. C23-06042-KKE-DWC |
| Plaintiff, | ORDER REVOKING IFP STATUS |
| v. | |
| STATE OF WASHINGTON et al., | |
| Defendants. | |

The Ninth Circuit Court of Appeals referred this matter to the district court for the limited purpose of determining whether in forma pauperis ("IFP") status should continue for Richard Bryan's appeal, or whether the appeal is frivolous or taken in bad faith. Dkt. No. 29. For the reasons explained herein, the Court finds that Bryan's appeal is frivolous and therefore his IFP status should be revoked on appeal.

I. BACKGROUND

Bryan is incarcerated at Stafford Creek Correctional Center and is proceeding pro se. He filed this case against the State of Washington and various individuals, alleging constitutional claims pursuant to 42 U.S.C. § 1983 arising out of his state-court criminal convictions. Dkt. No. 19 at 1. This Court referred this case to Magistrate Judge David W. Christel for initial proceedings. *See* Dkt. No. 1. On December 29, 2023, Judge Christel issued an order declining to serve Bryan's complaint and granting him leave to amend to cure certain deficiencies in the complaint by January

ORDER REVOKING IFP STATUS - 1

29, 2024.  Dkt. No. 9.  Bryan objected to this order and requested two extensions of time to file his amended complaint, which Judge Christel granted.  Dkt. Nos. 11, 12, 14.  In his objection to Judge Christel's order, Bryan stated Judge Christel "intentionally misrepresented" his claims and engaged in obstruction of justice, obstruction of process, "corrupt conduct," "misprision," "misprision of felony," and "misprision of treason."  Dkt. No. 11 at 2.  Likewise, in his motions for extension of time, Bryan accused Judge Christel of "intentional subterfuge" and an unspecified conflict of interest.  Dkt. Nos. 12, 14.

In response to these allegations, and in accordance with Local Civil Rule 3(f),[1] Judge Christel voluntarily "review[ed] the motion papers and decid[ed] whether to recuse voluntarily." Dkt. No. 16 at 1.  Judge Christel concluded there was "no reasonable basis for a voluntary recusal." *Id.* at 3.  Chief Judge David G. Estudillo reviewed the matter and found that Bryan "has not identified an extrajudicial source of bias or prejudice."  Dkt. No. 17 at 3.  Accordingly, Judge Estudillo affirmed Judge Christel's order declining to voluntarily recuse himself.  *Id.*

Bryan subsequently filed his amended complaint.  Dkt. No. 18.  Judge Christel issued a report and recommendation ("R&R") recommending this Court dismiss Bryan's case because his amended complaint failed to cure the deficiencies identified in his first complaint.  Dkt. No. 19 at 5.  Among other issues, Judge Christel concluded the amended complaint failed to state a cognizable claim against any defendant (*id.* at 6), named defendants who could not be sued under

---

[1] Under the Local Civil Rules for this District,

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Local Rules W.D. Wash. 3(f).

§ 1983 (*id.* at 7), named individual defendants who are immune from suit in their individual capacities (*id.* at 8), and contained frivolous "sovereign-citizen" claims (*id.* at 9). Bryan objected to the R&R. Dkt. No. 23.

On June 6, 2024, the Court adopted the R&R over Bryan's objections and dismissed Bryan's case with prejudice. Dkt. No. 24. Bryan filed a motion for reconsideration of the June 6 order. Dkt. No. 25. On July 30, 2024, the Court denied Bryan's motion for reconsideration, because he "[did] not identify a manifest error in the Court's prior Order." Dkt. No. 26 at 2. Bryan now appeals the Court's July 30, 2024 denial of reconsideration, claiming "all determinations made in the lower court are subjective via subterfuge," and that all determinations of this Court are "void" as "a matter of law and justice." Dkt. No. 27 at 1 (cleaned up).

## II.  DISCUSSION

Revocation of IFP status is appropriate where a district court finds the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3);[2] *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). "A 'good faith' appeal must seek review of at least one 'non-frivolous' issue or claim." *Recinos v. Equal Emp. Opportunity Comm'n*, No. 2:23-cv-791-MJP, 2023 WL 8462192, at *1 (W.D. Wash. Nov. 1, 2023) (quoting *Hooker*, 302 F.3d at 1092). "An issue is 'frivolous' where it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitze v. Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are those 'based on an indisputably meritless legal theory,' such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist." *Langworthy v. Lev*, No. C21-1149-LK, 2024 WL 3402515, at *1 (W.D. Wash. June 26, 2024), *report and recommendation adopted*,

---

[2] "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3).

No. 2:21-CV-01149-LK, 2024 WL 3401184 (W.D. Wash. July 12, 2024) (quoting *Tweedy v. United States*, 276 F.2d 649, 651 (9th Cir. 1960)).  A claim "describing fantastic or delusional scenarios" is "clearly baseless." *Neitze*, 490 U.S. at 327.

Bryan's notice of appeal raises the same unfounded allegations of "subterfuge" and unspecified judicial misconduct asserted in his prior filings. *See*, *supra* part I; Dkt. No. 27 at 1. The Court's prior order adopting the R&R (and denying reconsideration of that order) determined that Bryan's claims lack an arguable basis in law or in fact.  That conclusion applies with equal force to his appeal reiterating the same arguments.  Accordingly, because the Court finds Bryan's appeal fails to raise at least one non-frivolous claim, his appeal is not taken in good faith.  The Court therefore ORDERS Bryan's IFP status be revoked on appeal.  *Hooker*, 302 F.3d at 1092; 28 U.S.C. § 1915(a)(3).

Dated this 3rd day of September, 2024.

Kymberly K. Evanson
United States District Judge